NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0265n.06

Case No. 14-5935

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 14, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JORGE PLASCENCIA, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GUY, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge. Jorge Plascencia appeals his 78-month sentence for conspiracy to possess with intent to distribute cocaine. Plascencia challenges the procedural reasonableness of his sentence, arguing that the district court overestimated the cocaine attributable to him and therefore miscalculated his base offense level. Finding neither clear error in the district court's factual determinations nor procedural error in the court's guidelines calculation, we AFFIRM.

Plascencia participated in a cocaine-distribution organization in Memphis, purchasing his supply from Adrian Lopez, who in turn bought cocaine from a Baton Rouge-based supplier. Through a wiretap of Lopez's cell phone, the government discovered that Plascencia frequently purchased small quantities of cocaine from Lopez and occasionally sought larger quantities.

After a four-day trial, a jury found Plascencia guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. But the jury also determined that the conspirators did not intend to distribute five kilograms or more of cocaine.

At sentencing, the district court attributed three kilograms of cocaine to Plascencia by relying on two recorded phone calls between Plascencia and Lopez. In the first, Plascencia asked Lopez for two blocks of cocaine at $33,000 per block, the price of a kilogram of cocaine at that time. the second, Plascencia requested another block of cocaine from Lopez, who again agreed to sell at $33,000. Based on these calls, the district court attributed three kilograms of cocaine to Plascencia. The guidelines established a base level of 28 for drug offenses involving at least two but less than three and a half kilograms of cocaine. U.S.S.G. § 2D1.1(c)(6) (2013). The court sentenced Plascencia to the bottom of the resulting advisory range of 78 to 97 months' imprisonment.

We review a district court's drug-quantity determination for clear error. *United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008). When, as here, the offense involves an agreement to sell cocaine, the district court uses the agreed-upon quantity of cocaine to determine the base offense level. *See* U.S.S.G. § 2D1.1 cmt. n.5 (2013). A district court may estimate the agreed-upon quantity, so long as a preponderance of the evidence—whether physical or testimonial—supports the estimate. *Jeross*, 521 F.3d at 570. When two permissible views of the evidence exist, we do not find clear error. *Id*.

The district court relied on Plascencia's own words to discern the quantity of cocaine attributable to him. He asked for two kilograms of cocaine in one phone call and one kilogram in another. Plascencia and the government offer two permissible interpretations of these phone calls. Plascencia claims that his kilogram-size "orders" amounted to mere inquiries. Lopez

entertained these inquiries but never intended to sell large quantities of cocaine to Plascencia, an overeager, small-time dealer. The government offers another permissible view of the calls—that Lopez agreed to sell three kilograms of cocaine to Plascencia at the stated prices.

The court found the government's interpretation more plausible. Taking Plascencia at his word, it concluded that he actually agreed to buy three kilograms of cocaine and held him responsible for those three kilograms under the guidelines. A trial court's credibility determination receives great deference because it sees and hears witnesses, enabling it to make better credibility determinations than our cold record allows. *United States v. Richards*, 508 F. App'x 444, 449 (6th Cir. 2012). Here, the district court's view of the evidence comports with the record and exhibits no clear error.

We AFFIRM the judgment.